# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty.

PRESENT:
>    JOHN M. WALKER, JR.,
>    BARRINGTON D. PARKER,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Apr 08 2020

**Preetpal Grewal,**

>    *Plaintiff-Counter Defendant-
>    Third Party Defendant-Appellant*,
>
>    v.                                            No. 19-448

**Cuneo Gilbert & LaDuca LLP,**

>    *Defendant-Counter Claimant-Appellee*,

**Jonathan W. Cuneo, Charles J. LaDuca, Pamela Gilbert, Joel Davidow, Michael J. Flannery, Robert J. Cynkar, Sandra Cuneo, Daniel M. Cohen, Matthew E. Miller,**

>    *Defendants-Appellees*,

**Elizabeth Thomas,**

>    *Intervenor-Third Party Plaintiff.**

---

* The Clerk of Court is directed to amend the caption as above.

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Preetpal Grewal, *pro se*, New York, NY. |
| **FOR DEFENDANT-COUNTER CLAIMANT-APPELLEE AND FOR DEFENDANTS-APPELLEES:** | Ralph Michael Smith, Esq., Chincoteague, VA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 17, 2019 judgment is **AFFIRMED.**

Appellant Preetpal Grewal, an attorney proceeding *pro se*, appeals the district court's 2019 judgment against her. In 2013, Grewal sued her former employer, Cuneo Gilbert & LaDuca LLP ("CGL") and several individuals at the law firm (together, "defendants"), raising claims for, inter alia, breach of contract, breach of an implied covenant of good faith and fair dealing, breach of fiduciary duty, and employment discrimination, based on her Indian national origin, by creating a hostile work environment. In 2015, the district court partially granted defendants' motion to dismiss, dismissing Grewal's claim of breach of fiduciary duty, her claims against certain individual defendants, and certain other claims. In 2016, the district court granted partial summary judgment to defendants on Grewal's employment discrimination and implied covenant claims, but ruled that genuine issues of material fact precluded entry of summary judgment for defendants on her breach of contract claim. After a bench trial on that claim, the district court found in favor of CGL and, in 2018, entered final judgment for defendants. On January 17, 2019, the district court denied Grewal's post-judgment motion seeking reconsideration of that judgment under Federal Rule of Civil Procedure 60.

Grewal filed a notice of appeal on February 15, 2019. After the appeal was fully briefed, Grewal moved in this Court for leave to re-submit her opening brief so that she could correct certain citation issues. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm the district court's judgment and to deny as moot Grewal's motion to submit a corrected brief.

I.  **Timeliness of Appeal**

Fed. R. App. P. 4(a)(4)(A) tolls the time within which a party must file a notice of appeal if a Rule 60(b) motion has been filed within 28 days of entry of the operative judgment. We have held that Rule 4(a)'s 28-day deadline is not jurisdictional, but is a "claim-processing rule" and, as such, its enforcement is subject to waiver, forfeiture, and other equitable exceptions. *See Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 312 (2d Cir. 2015).

We applied this principle in denying CGL's March 20, 2019 motion to dismiss Grewal's appeal as untimely filed. We also denied CGL's motion to reconsider that decision, concluding that CGL forfeited the argument that Grewal's Rule 60 motion, too, was untimely and that the motion therefore failed to toll the time within which she was required to file a notice of appeal. We further ruled that we had jurisdiction to consider Grewal's appeal of the January 17, 2019 judgment.

CGL now renews its contention that we lack jurisdiction over Grewal's appeal of the district court's judgment and of any prior orders. It argues that it has not waived or forfeited its timeliness objection because, on March 20, 2019, it moved in this Court to dismiss the appeal as

3

untimely and, in that motion to dismiss, it asserted that Grewal's Rule 60 motion was filed more than 28 days after the entry of judgment and therefore could not toll Grewal's time to appeal.

After careful review of the record, we are not persuaded by CGL's assertion that it raised the Rule 60 tolling argument in earlier-filed submissions. CGL's March 2019 motion to dismiss Grewal's appeal did *not* argue that the Rule 60 motion failed to toll the time to appeal; in fact, so far as we can discern, CGL's motion did not even mention the Rule 60 motion or tolling at all. Although CGL stated in its submission that "the District Court correctly denied [Grewal's motion to extend the time to appeal] because it was untimely under Appellate Rule 4(a)(1)(A) and (a)(4)(vi) [sic[2]]," CGL did not offer any argument as to how Rule 4(a)(4)(A)(vi) applied. Dkt. No. 41 at 2. The district court order dated January 17, 2019, denying Grewal's motion to extend the time to appeal and on which CGL relied to argue that the appeal was untimely, similarly did not address or discuss Grewal's Rule 60 motion and Rule 4(a)(4) tolling.

Further, although CGL's reply in further support of its motion to dismiss discussed Grewal's Rule 60 motion, CGL there argued only that the Rule 60 motion could not be construed as a timely notice of appeal. Thus, CGL again did not urge that Grewal's Rule 60 motion failed to toll her time to appeal. Having failed to make this argument earlier, CGL has forfeited its right to do so now. *See Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (holding that rights accorded by claim-processing rules "may be forfeited if the party asserting the rule waits too long

---

[2] The Federal Rules of Appellate Procedure contain no Rule 4(a)(4)(vi); it appears that CGL intended to cite Rule 4(a)(4)(A)(vi).

4

to raise the point" (internal quotation marks omitted)). We therefore proceed to consider the merits of Grewal's appeal.

## II.     Waiver of Claims

As an initial matter, although "a court is ordinarily obligated to afford special solicitude to *pro se* litigants" because a *pro se* litigant "generally lacks both legal training and experience," we have ruled that "a lawyer representing himself ordinarily receives no such solicitude at all," *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Further, this Court "normally will not[ ] decide issues that a party fails to raise in his or her appellate brief." *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (per curiam); *see also Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 632–33 (2d Cir. 2016) ("Although we accord filings from pro se litigants a high degree of solicitude, even a litigant representing himself is obliged to set out identifiable arguments in his principal brief." (internal quotation marks omitted)). Nor does this Court usually decide issues that an appellant raises only in passing. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (*pro se* litigant "waived any challenge" to the district court's adverse ruling because brief mentioned ruling only "obliquely and in passing."); *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

On appeal, Grewal challenges the district court's (1) finding that she was not a partner at CGL; (2) dismissal of her breach-of-fiduciary duty claim; (3) dismissal of her claims against the individual defendants; (4) grant of summary judgment to CGL on her discrimination claims brought under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL"); (5) grant of summary judgment to CGL on her implied covenant of

5

good faith and fair dealing claim; and (6) judgment entered in favor of CGL after a bench trial on her breach of contract claim. Because no related arguments are developed in her appeal briefs, we deem Grewal to have waived any other challenges on appeal, including any challenge to the district court's denial of her Rule 60 motion.

In her arguments on appeal challenging the district court's summary judgment decision, Grewal relies solely on allegations that she made in her complaint. Grewal does this even though the district court adjudicated the parties' summary judgment motions based on both Grewal's and defendants' Rule 56.1 statements.

Citations to a complaint alone do not suffice to support arguments contesting the district court's summary judgment ruling. Grewal does not cite to her summary judgment motion, memorandum, Rule 56.1 statement, or any evidence that she submitted at summary judgment in support of her arguments. Nor does she argue now that the district court overlooked any such submitted evidence and arguments or that any evidence adduced by defendants and on which the district court relied was inaccurate. Rule 28(a)(8) of the Federal Rules of Appellate Procedure requires an appellant to cite to the relevant portions of the record on appeal to support her arguments. Failure to do so may result in the court treating her argument as waived. *See Clark v. John Lamula Inv'rs, Inc.*, 583 F.2d 594, 602 (2d Cir. 1978) (determining that "this court need not search the record to discover whether such error indeed exists" when appellant failed to cite to the record in support of his argument). Applying this principle in the circumstances before us, we conclude that Grewal has waived any challenges that she otherwise might make to the district court's summary judgment ruling.

**III.    Dismissal**

We review *de novo* the dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). On *de novo* review, we determine whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We must construe the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers*, 282 F.3d at 152.

On review, we identify no merit in any of Grewal's challenges to the district court's dismissal decision. First, Grewal challenges the district court's conclusion that she was not a partner at CGL. She asserts that CGL members repeatedly referred to her as a partner while she was employed at the firm, and contends that CGL should be therefore estopped now from claiming that she was not a partner. The district court correctly held, however, that under D.C. Code § 29-603.08(a) (which none dispute applies here), "partnership by estoppel" applies only where the partnership represents that an individual is a partner *and* a person relies on that representation in a transaction with the partnership.[3] *See Ross v. 1301 Conn. Ave. Assocs.*, 99 F.3d 444, 446 (D.C. Cir. 1996) (citing D.C.'s former version of the partnership by estoppel law and stating partnership by estoppel is recognized "only with respect to claims by persons who have reasonably relied upon outward representations of partnership"). Grewal did not allege in her complaint—nor does she

---

[3] The district court held that, because CGL was a partnership organized under D.C. law, D.C. law applied to questions that concern partnership affairs. On the other hand, because the parties assumed that New York law applied to state tort and contract claims the district court ruled that it would apply New York law to those claims. On appeal, the parties do not challenge these rulings.

7

assert in her brief—that, in deciding to join CGL or in any other transaction she had with the firm that she relied on a representation, she would be or was a partner at the firm. Further, Grewal did not allege in her complaint (and does not argue here) that she had undertaken to bear any partnership losses in proportion to her share of the profits, as D.C. partnership law requires. *See* D.C. Code. § 29-604.01(b). We therefore discern no error in the district court's ruling on this issue.

Second, Grewal challenges the court's dismissal of her claim for breach of fiduciary duty, again asserting that the district court erred in finding that she was not a CGL partner and in reasoning that the firm did not owe her any such duty. As discussed above, however, Grewal failed adequately to allege that she was a partner at CGL. Because a partnership owes fiduciary duties only to partners (and not to employees), Grewal failed to state a claim for breach. *See* D.C. Code. § 29-604.07. *See generally Wilson v. Dantas*, 746 F.3d 530, 536 (2d Cir. 2014) (holding that breach of fiduciary duty claim was properly dismissed where plaintiff failed to allege existence of a partnership or "mutual intent . . . to create a fiduciary relationship").

Finally, Grewal challenges the district court's dismissal from the suit of certain individual defendants. She argues, in only a conclusory manner, that "all individual defendants are necessary parties to this action," and cites in support the principle that a lawsuit against a partnership must name all partners as defendants. Dkt. No. 160 at 39–40. Grewal fails to raise any specific arguments, however, as to why the district court erred in ruling that those individual defendants whom it dismissed were not partners at CGL. She has thus waived any claim of error as to that ruling.[4]

---

[4] In any event, the district court correctly held that Grewal also failed adequately to allege that those individuals were partners of CGL under a partnership-by-estoppel theory.

8

**IV.     Final Judgment**

Grewal's challenges to the district court's judgment rejecting her breach of contract claim are also unpersuasive. "In reviewing a judgment entered after a bench trial," this Court reviews findings of fact for clear error and its "conclusions of law, and its application of the law to the facts, *de novo*." *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted). On appeal, this Court may not "second-guess the bench-trial court's credibility assessments." *Id.* As discussed briefly below, the district court did not err in its well-reasoned decision on this claim.

Grewal insists, in a conclusory fashion, that she was entitled to origination and lodestar fees in the "Air Cargo" litigation, the "wire harness" litigation, and other cases handled by CGL. She does not, however, challenge the district court's factual finding that, to receive "origination" compensation at CGL, she needed to satisfy four criteria: (1) propose the idea, (2) find a client, (3) draft the complaint, and then, (4) accrue profits to the firm from the foregoing three. This factual finding was critical to the district court's ruling that Grewal was not entitled to any origination fees. On review of the record, Grewal points to no clear error in the district court's finding. The district court credited the testimony of CGL partners and employees that the factors controlled. It largely discredited Grewal's testimony, as it was entitled to do. As to Grewal's argument that the district court erred in finding that statements by CGL members that she was entitled to 5% of origination fees in the "wire harness" litigation was a discretionary concession rather than an admission that Grewal was contractually entitled to origination fees in that case, we also see no clear error. There, the court again merely credited other testimony over Grewal's.

9

Grewal also contends almost in passing that she was entitled to lodestar fees and that CGL deprived her of her right to work on various cases. The district court reasonably rejected Grewal's proposed explanation for lodestar calculations, accepted CGL's calculation, and found that Grewal failed to show that she was entitled to any other work or fees. Again, these were findings in which the court relied primarily on its justifiable credibility determinations. Grewal adduces no basis for us to overturn them on appeal.

    \*    \*    \*

We have considered all of Grewal's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit