UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PREETPAL GREWAL,

                Plaintiff,

        v.

CUNEO GILBERT & LADUCA LLP,

                Defendant.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5-7-20

13-CV-6836 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On April 8, 2020, the Second Circuit affirmed this Court's judgment, *see* Dkt. 310, and on April 23, 2020, Defendant timely filed a Bill of Costs, *see* Dkt. 311. The Court is now in receipt of an email from Plaintiff, who is proceeding *pro se*, indicating that the Bill of Costs contains a "filing error," and—construed liberally—requesting to submit objections.

    Under Federal Rule of Civil Procedure 54(d), "costs . . . should be allowed to the prevailing party" unless "a federal statute, [the Federal Rules], or a court provides otherwise," and the "clerk may tax costs on 14 days' notice." Local Rule 54.1(a) provides that within 30 days after the entry of final judgment or, in the case of an appeal by any party, within 30 days after the final disposition of the appeal, "any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing . . . indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing a bill of costs." The Bill of Costs must include "an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred," and the "[b]ills for the costs claimed" must be attached as exhibits. Local Rule 54.1(b) provides further that a party objecting to any cost item contained in an adversary's Bill of Costs shall serve objections by Electronic Case Filing, or in writing if a *pro se*

party is objecting, prior to the date and time scheduled for taxation, and that "[i]n the absence of written objection, any item listed may be taxed within the discretion of the Clerk."

Although Defendant filed its Bill of Costs and attached the "bills for the costs claimed" as exhibits on April 23, 2020, it appears that Defendant has not filed the requisite affidavit. Additionally, according to the docket, the Bill of Costs was incorrectly filed because Defendant has not prepared a Notice of Application for Costs.  For purposes of Plaintiff's objections, the "date and time scheduled for taxation" is also not entirely clear from Defendant's submission. Accordingly, no later than May 15, 2020, Defendant shall re-file its Bill of Costs in accordance with the Local Rules and the guidelines detailed on the docket.  Thereafter, Plaintiff may file her objections.

Plaintiff is advised that all communications with the Court must be sent to the Pro Se Intake Unit located at 500 Pearl Street, Room 200, New York, New York 10007, and may not be sent via email to this Court.  However, in light of the COVID-19 crisis, parties proceeding *pro se* are also encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

Defendant shall serve a copy of this Order on Plaintiff and file proof of service on the docket.

SO ORDERED.

Dated:   May 7, 2020
         New York, New York

                                                    _____
                                                    RONNIE ABRAMS
                                                    United States District Judge

2