UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

> USDC-SDNY
> DOCUMENT
> ELECTRONICALLY
> FILED
> DOC#:
> DATE FILED: 10-26-20

PREETPAL GREWAL,

                Plaintiff,

        v.

CUNEO GILBERT & LADUCA LLP, et al.,

                Defendants.

No. 13-cv-6836 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Preetpal Grewal, an attorney proceeding *pro se*, brought this action against her former employer, the law firm Cuneo Gilbert & LaDuca LLP ("CGL"), and several individuals at the firm, raising an assortment of claims. The Court dismissed or granted summary judgment on twelve of them, *see* Dkt. 98 (MTD Op.); Dkt. 226 (MSJ Op.), and following a bench trial on Grewal's sole surviving claim, for breach of contract, entered final judgment for Defendants, *see* Dkt. 302. In February 2020, the Second Circuit affirmed this Court's judgment. *See Grewal v. Cuneo Gilbert & LaDuca LLP*, 803 F. App'x 457 (2d Cir. 2020).

Before the Court is Defendants' motion appealing the determination of the Clerk of Court that they were not entitled to costs in the amount of $4,411.60—the cost of producing transcripts of eight depositions. *See* Dkt. 325. For the following reasons, Defendants' motion is denied, and the Court affirms the Clerk's order.

## BACKGROUND

On April 23, 2020, following the Second Circuit's affirmance of this Court's judgment, Defendants applied for an award of costs against Grewal totaling $6,639.60, consisting of the cost of producing deposition transcripts and costs incurred in the appeal. *See* Dkts. 315, 321.

Accompanying the Bill of Costs was an affidavit from R. Michael Smith, counsel for

Defendants, which stated without substantiation that the transcripts had been used "in

conjunction with discovery, the parties' pretrial motions, and the trial." Dkt. 315.

Grewal objected to the Bill of Costs. *See* Dkt. 314. She argued, in relevant part, that

Defendants failed to establish that the costs claimed were allowable by law, asserting that "the

deposition transcripts were not used or received in evidence at trial" and that the Court did not

rely on the deposition transcripts in its decision following the bench trial. *Id*. at 6–7. Grewal

asserted that the depositions were "taken solely for discovery" and therefore not taxable, *id*. at 7

(citing S.D.N.Y. Civ. R. 54.1(c)(2)), and that equitable considerations further weighed in favor

of denying costs to Defendants. *Id*. at 8–9. In response, Defendants asserted that their Bill of

Costs had sought "expenses incurred for deposition transcripts . . . used, *inter alia*, in connection

with summary judgment motions filed by CGL and by Grewal," as well as by both parties for

impeachment of witnesses at trial. Dkt. 316 at 1. To support their assertion that the transcripts

were used by the Court in resolving the parties' motions for summary judgment, Defendants

cited seven docket entries consisting of the parties' summary judgment papers and the Court's

decision (Dkts. No. 191, 192, 195, 214, 215, 216, and 226), but they neither pointed to specific

pages in those filings nor explained which of the deposition transcripts were used in them. To

show that the transcripts were used at trial in the cross-examination of witnesses, Defendants

cited two brief exchanges in the transcript of the trial at docket entries 285 (pp. 144–148) and

296 (pp. 641–644). *See id*.

On June 22, the Clerk of Court taxed costs in the amount of $0 on the ground that it could

not determine, based on Defendants' submissions, whether the costs claimed by Defendants were

allowable under law. *See* Dkt 321. The Clerk explained that it "could not decide the costs based

on [Smith's] Affidavit, [Grewal's] Objections, [Defendants'] Response to the Objections, and

[Grewal's] objections to the Response," as Defendants' submissions "[did] not explain [what]

the Depositions were actually used for" as between discovery, pretrial motions, and the trial. *Id*.

Seven days later, Defendants filed a timely motion to this Court to appeal the Clerk's

decision. *See* Dkt. 325; *see also* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days'

notice," and "[o]n motion served within the next 7 days, the court may review the clerk's

action."). In its appeal of the Clerk's decision, Defendants seek only the $4,411.60 cost of

producing the deposition transcripts. *See* Dkt. 325 at 3. Defendants now argue that the transcripts

were necessarily obtained for use in the case, as the parties' summary judgment briefing cited

pages of the deposition transcripts and as Defendants made use of the transcripts in cross-

examining Grewal at trial. (Unlike in Defendants' initial submissions to the Clerk, the instant

motion appealing the Clerk's decision cites to specific pages where the summary judgment

briefing references the deposition transcripts, *see* Dkt. 325 at 2.) In response, Grewal contends

that the Clerk did not err in taxing costs in the amount of $0, because Defendants did not provide

the Clerk's Office with information sufficient for it to determine whether the costs were

allowable under law. *See* Dkt. 327. She further asserts that, even if Defendants' claimed costs

were allowable under law, the Court should exercise its discretion to deny the costs, as she

"would be financially unable to pay," is "not presently employed," and is "in India taking care of

her mother who is a serious cancer patient." *Id*.

## DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs—other than

attorney's fees—should be allowed to the prevailing party." 28 U.S.C. § 1920 delineates the

categories of costs that may be recovered, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482

3

U.S. 437, 441 (1987), which are described with greater specificity in this district's Local Civil

Rule 54.1(c). The Local Rules specify that the cost of producing deposition transcripts is taxable

against the losing party if the transcripts were "used or received in evidence at trial" or "used by

the Court in ruling on a motion for summary judgment or other dispositive substantive motion";

by contrast, costs for depositions taken solely for discovery are not taxable. *See* S.D.N.Y. Civ. R.

54.1(c)(2). The Second Circuit has clarified that a deposition transcript is "used by the Court" in

connection with a summary judgment motion so long as the deposition is filed as part of the

record, regardless of whether the Court's opinion cites to the transcript or explicitly relies on it.

*See Whitfield v. Scully*, 241 F.3d 264, 270–273 (2d Cir. 2001), *abrogated on other grounds*

*by Bruce v. Samuels*, 577 U.S. 82 (2016).

Local Rule 54.1(a) provides that "any party seeking to recover costs shall file with the

Clerk a notice of taxation of costs" and "annex[] a bill of costs." The Bill of Costs must include

"an affidavit that the costs claimed are allowable by law, are correctly stated and were

necessarily incurred," and the "[b]ills for the costs claimed" must be attached as exhibits. *Id*; *see*

Dkt. 312. "The clerk may tax costs on 14 days' notice," and "[o]n motion served within the next

7 days, the court may review the clerk's action," Fed. R. Civ. P. 54(d)(1), "exercising its own

discretion to decide the cost question itself." *Assocs. Against Outlier Fraud v. Huron Consulting*

*Grp., Inc.*, 817 F.3d 433, 435 (2d Cir. 2016) (internal quotation marks and citation omitted). This

discretion permits a court to "refuse to impose costs on the losing party at all." *Wilder v. GL Bus*

*Lines*, 258 F.3d 126, 129–30 (2d Cir. 2001). A district court may consider a variety of equitable

factors in denying costs otherwise allowed, including a party's limited financial resources and

the difficulty of the litigated issues. *Karmel v. City of New York*, No. 00-cv-9063 (KMK), 2008

WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008).

Grewal argues principally that Defendants failed to demonstrate that their costs were allowable under law. Although Rule 54 establishes "a strong presumption that the prevailing party will recover costs," *DLC Mgmt. Corp. v. Town of Hyde Park*, 45 F. Supp. 2d 314, 315 (S.D.N.Y. 1999), the burden is on the prevailing party to demonstrate in the first instance that the taxation of particular costs is warranted. *See John G. v. Bd. of Educ. of Mount Vernon Pub. Sch.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995). Here, the Clerk's Office understandably concluded that it was unable to determine to what extent the transcripts of depositions were "used by the Court" in resolving the motions for summary judgment. Defendants' submissions to the Clerk— including the Bill of Costs, Smith's accompanying affidavit, and their response to Grewal's objections—all suffer from a lack of specificity as to whether or how the deposition transcripts were used in the litigation.

It is true that, in their latest submissions to the Court in support of the instant motion appealing the Clerk's decision, Defendants provide a greater level of specificity as to which deposition transcripts were used and at which places they appear in the summary judgment and trial records. Moreover, it is irrelevant, as Grewal argues, that "Defendants['] Bill of Cost[s] and motion to review [do] not contend that the transcripts were used by the Court in its decision on the motion for summary judgment." Dkt. 327 at 3. As the Second Circuit has noted, "the filing of a deposition transcript necessarily means a court will 'use' it" in ruling on a motion for summary judgment, regardless of whether the Court expressly relies on the transcripts in its opinion. *See Whitfield,* 241 F.3d at 271. These facts might be sufficient to entitle a prevailing party to recover costs.

Nonetheless, the Court chooses to exercise its equitable discretion to leave the Clerk's decision in place. *See Crawford Fitting*, 482 U.S. at 441–42 ("Rule 54(d) provides that the cost

shall be taxed against the losing party unless the court otherwise directs. . . . It is phrased

permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs

in favor of the prevailing party."). Denial of costs is especially appropriate in light of the fact

that, whereas Defendants are a well-established law firm and lawyers at that firm, Plaintiff is a

*pro se* litigant who asserts that she is unemployed and has limited financial resources.[1] Under

these circumstances, it would be significantly more burdensome for Grewal to absorb the costs.

The Court therefore declines to disturb the Clerk's determination.

### CONCLUSION

For the foregoing reasons, Defendants' motion regarding the Clerk's taxation of costs is

denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket

entry 325, and to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated:     October 26, 2020
           New York, New York

                                             Ronnie Abrams
                                             United States District Judge

---

[1] *See Sanders v. City of New York*, 218 F. Supp. 2d 538, 543 (S.D.N.Y. 2002) (citing the plaintiff's pro se status as a reason not to tax the costs of a deposition transcript against the plaintiff).

6